**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JULIAN W. ANDREU, JR.,** : | |
| : | |
| **Plaintiff** : | CIVIL ACTION NO. 3:15-1419 |
| : | |
| v : | (JUDGE MANNION) |
| : | |
| **HUNTINGDON COUNTY JAIL,** *et al.,* : | |
| **Defendants** : | |

**MEMORANDUM**

**Background**

Plaintiff, Julian W. Andreu, an inmate formerly confined in the Huntingdon County Jail, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). Plaintiff names as Defendants the following Huntingdon County Jail employees: Lt. Kevin Rosevear, Correctional Officers Chilcote, Black and Dixon.[1] Id. Plaintiff alleges that Defendants Rosevear, Chilcote, and Dixon made disparaging comments about Plaintiff's sexual orientation during his incarceration. Id. Plaintiff also alleged that unspecified guards retaliated against him, placed him in restrictive housing, and did not allow him to receive mental health services. Id.

On September 25, 2015, Defendants filed a motion to dismiss the Plaintiff's complaint, along with a supporting brief. (Docs. 15, 16). By Order dated

---

[1] By Order dated August 8, 2015, Huntingdon County Jail was dismissed from the above captioned action. (Doc. 9, Order).

October 30, 2015, the Court directed Plaintiff to file a brief in opposition to Defendants' motion on, or before, November 17, 2015. (Doc. 17, Order). The Court forewarned Plaintiff that his failure to communicate with the Court within twenty (20) days would result in dismissal of Plaintiff's case. Id. The time for filing a response has now passed and Plaintiff has failed to respond. Andreu has not communicated with the Court on this matter since the filing of his motion for leave to proceed *in forma pauperis* on July 29, 2015. (Doc. 7). A search of the Department of Corrections inmate locator reveals that Andreu is no longer incarcerated. See www.inmatelocator.cor.state.pa. For the reasons set forth below, the Court will dismiss Plaintiff's action for failure to prosecute.

**Discussion**

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not

be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir.2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing.  If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Andreu's last communication with this Court was the filing of his motion for leave to proceed *in forma pauperis* on July 29, 2015. (Doc. 7). Andreu has not communicated with the Court since the filing of this motion. A search of the Department of Corrections inmate locator indicates that he has been released from custody. Thus, it is reasonable to conclude that Andreu has abandoned this suit. Consequently, because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:** December 10, 2015
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1419-01.wpd